IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RANDLE B., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:20-CV-781-MAB |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff filed this suit on August 11, 2020 challenging the final decision of the Commissioner of Social Security denying his application for supplemental security income (Doc. 1). This matter is currently before the Court on the Commissioner's motion to dismiss for failure to timely serve process, which was filed on April 8, 2021 (Doc. 16). The Commissioner argues that the proof of service submitted by Plaintiff does not establish that proper service was achieved in accordance with Rule 4(i) and therefore the case should be dismissed (Doc. 16). Plaintiff filed a response to the motion to dismiss on May 7, 2021 (Doc. 17). The Commissioner did not file a reply brief.

Under Federal Rule of Civil Procedure 4(m), Plaintiff had to serve the Commissioner within 90 days of filing the complaint. FED. R. CIV. P. 4(m). Service in a social security case is achieved by sending a copy of the summons and complaint via registered or certified mail to the United States' attorney in the district where the action

is brought, the Attorney General of the United States in Washington, D.C., and the Commissioner of Social Security. FED. R. CIV. P. 4(i)(1), (2). Plaintiff was also required to prove service by filing "the server's affidavit" with the Court. FED. R. CIV. P. 4(l).[1]

If a plaintiff fails to effect service within the 90-day timeframe, the Federal Rules of Civil Procedure allow the Court to extend the time for service if the plaintiff shows good cause for the failure. FED. R. CIV. P. 4(m). The Rules also provide that "failure to prove service does not affect the validity of service" and the Court may permit a plaintiff to amend proof of service. FED. R. CIV. P. 4(l)(3).

Here, Plaintiff's counsel admits that he failed to serve the United States attorney, the Attorney General, and the Commissioner within the 90-day period (*see* Doc. 17). He explains that the failure "was not the result of delay, or a failure to prosecute," but rather, it was "the result of some misinformation and confusion regarding the issuance of summonses." (*Id.* at p. 3). Specifically, Plaintiff's counsel originally requested summonses for the United Stated Attorney, the Attorney General, and the Commissioner of Social Security but the Clerk of Court's office only issued one of the three summonses—the one for the Commissioner of Social Security (Doc. 17; *see also* Doc. 5). Believing that the clerk had made an error in failing to issue all three summonses, Plaintiff asked a second time for the clerk to issue summonses for the Attorney General and the United States Attorney (Doc. 17; *see also* Doc. 6). The Clerk's Office once again declined to issue the additional summonses (Doc. 17; *see also* Doc. 7).

---

[1] The affidavit is the second page of the summons (*see* Doc. 5, Doc. 6).

Plaintiff's counsel apparently mailed the one summons he had to the Commissioner at the Social Security Administration's Office of the Regional Chief Counsel for Region V in Chicago, Illinois (*see* Doc. 5, Doc. 17). He filed a "Notice," asserting that Defendant was served on November 23, 2020, and attached a printout of a postal service tracking update, which indicates only that an unidentified item was delivered on November 23, 2020 to an unidentified address in Chicago, Illinois (*see* Doc. 9). It does not indicate that the item was sent via registered or certified mail (nor does it include a certified mail receipt that demonstrates as much). And it was not signed under penalty of perjury.

On March 22, 2021, Plaintiff's counsel called the Clerk's Office to inquire why all three summonses were not issued for service (Doc. 17). The clerk explained that it was common in this district to only issue one summons for the Commissioner of Social Security, and that undersigned counsel could use this one summons to serve all three parties (Doc. 17). Plaintiff's counsel asserts that he then served all three parties using the summons for the Commissioner (Doc. 17). He attached to his response brief printouts of postal service tracking updates, which indicate that items were delivered to unidentified recipients at unidentified addresses in Fairview Heights, Illinois, Chicago, Illinois, and Washington, D.C. on March 24, March 26, and March 29, 2021, respectively (Doc. 17, pp. 5, 6).

Based on the representations of Plaintiff's counsel, the Court finds that Plaintiff sent the summons and complaint to the Commissioner within the 90-day period, but his proof of service is deficient for the reasons outlined above. Although he did not send the

summons and complaint to the Attorney General or the United States attorney in the Southern District of Illinois until after the 90-day period had passed, he provided a reasonable explanation for the failure. The Commissioner did not argue that counsel's explanation is insufficient to establish good cause under Rule 4(m). Consequently, the Court finds no reason to dismiss the complaint under Rule 4(m) for failure to effect timely service. However, Plaintiff will be required to file amended proof of service within the next 30 days.

## Conclusion

The motion to dismiss filed by the Commissioner of Social Security (Doc. 16) is **DENIED**.

On or before August 16, 2021, Plaintiff shall file amended proof of service using the server's affidavit on the second page of the summons. A separate affidavit should be filled out for each the United State's attorney, the Attorney General, and the Commissioner.

Additionally, the Commissioner shall file the administrative record and his answer on or before August 25, 2021.

**IT IS SO ORDERED.**

**DATED: July 28, 2021**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**
